UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| IZELL MOORE AND BARBARA MOORE | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-10252 |
| GREAT WEST CASUALTY COMPANY, RAW-HOW-TO, ROGERS WOLFE, AND STATE FARM INSURANCE | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is the motion to remand (Rec. Doc. 7) filed by Plaintiffs Izell and Barbara Moore. As stated herein, **IT IS ORDERED** that the motion is **GRANTED**. **IT IS FURTHER ORDERED** that this action be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

## BACKGROUND

Plaintiffs filed this lawsuit on July 14, 2017 in the Civil District Court for the Parish of Orleans, State of Louisiana. Their claims arise from a July 16, 2016 motor vehicle accident that occurred when Defendant Roger Wolfe, the driver of an 18-wheeler, struck the rear of Plaintiffs' vehicle on Interstate 10 in New Orleans. At the time of the accident, Wolfe operated the 18-wheeler while in the course and scope of his employment with Defendant Raw-How-To ("Raw"). Both Wolfe and Raw are insured by Defendant Great West Casualty Company ("Great West"). The Great West policy has policy limits of $750,000. Defendant State Farm Insurance ("State Farm") is Plaintiffs' uninsured/underinsured motorist (UM) coverage insurance provider.

Defendant Great West was served on July 24, 2017; Defendant Wolfe was served on July 25, 2017. On August 15, 2017, Plaintiffs' counsel responded to a query from defense counsel regarding the amount of damages sustained by Plaintiffs.[1] The action was removed to federal court on October 6, 2017. According to Defendants, Defendant Raw was not served prior to filing of the notice of removal.

In seeking remand, Plaintiffs contend that Defendants' October 6, 2017 removal of this matter was untimely, urging that the thirty-day removal period began on August 15, 2017, upon Defendants' receipt of the above-referenced correspondence from Plaintiffs' counsel regarding damages, and ended on September 14, 2017. Plaintiffs additionally contend that Defendant State Farm, a non-diverse defendant, was properly joined such that the absence of complete diversity of citizenship compels remand.

## LAW AND ANALYSIS

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). The federal court subject matter jurisdiction provided by 28 U.S.C. §1332 is present only when complete diversity of citizenship exists between the plaintiff(s) and all properly joined defendants, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332. "When a non-diverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332." *Pitman v. Crane Co.*, Civil Action No. 13-83, 2013 WL 1403326 *1 (E.D. La. Apr. 5, 2013) (Vance, J.). Removal is available, however, if the removing defendant shows that the non-diverse party was joined improperly. *See, e.g., Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Although the Court must

---

[1] *See* Rec. Doc. 7-2.

remand a removed action to state court if, at any time before final judgment, it appears that subject matter jurisdiction is lacking, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir.1996).

"The burden of proving [improper] joinder is a heavy one" that is borne by the removing party. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983); *see also Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (internal citations omitted) ("burden of persuasion on those who claim improper joinder is a heavy one").[2] Specifically, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted). The Fifth Circuit has historically used different phrases in describing the standard for improper joinder. Whether using the phrase "no possibility of recovery" or "no reasonable basis for the plaintiff to establish liability," however, the essential standard has been the same. *See Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* the Fifth Circuit explained and clarified the standard:

> [T]he court determines whether the [plaintiff] has any possibility of recovery against the party whose joinder is questioned. If there is a arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical.

---

[2] The Fifth Circuit now refers to "fraudulent joinder" as "improper joinder." *See, e.g., Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). Nevertheless, the term "fraudulent joinder" is still frequently used.

3

313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted). *See also Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) ("This means that there must be a reasonable possibility of recovery, not merely a theoretical one.").

This determination may be made in one of two ways. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood,* 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* In some cases, however, the plaintiff will have stated a claim but "misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry" to determine whether such facts exist that preclude a plaintiff's recovery against non-diverse defendant. *Id.* at 573-74; *see also Campbell*, 509 F.3d at 669 ("the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim"). "Examples of such facts include 'the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true.'" *See Landry v. Columbia Cas. Co.,* Civil Action No. 14-220, 2014 WL 4674797, *2 (E.D. La. Sept. 18, 2014) (Milazzo, J.) (quoting *Smallwood*, 385 F.3d at 573, n. 12)).

While the Court has discretion to "pierce the pleadings and consider summary judgment-type evidence in the record" in making this determination, it "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *McKee*, 358 F.3d at 334 (citing *Travis*, 326 F.3d at 648-49.) Thus,

4

"although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee*, 358 F.3d at 334; *accord* Davidson, 819 F.3d at 766 ( the standard is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal). Further, any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. *Id*. Finally, the Court "must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* at 334-36 ("KCS had not shown [applicable] law precluded all of McKee's claims . . . but only that McKee had yet to develop her claims to the extent that . . . she would be able to prevail . . . ."); *see also Travis*, 326 F.3d at 650-51 (simply pointing to the plaintiff's lack of evidence at stage of the case where discovery was ongoing was insufficient to show that there was no possibility for the plaintiff to establish liability at trial); *Davidson v. Georgia Pacific, L.L.C.,* Civil Action No. 12-1463, 2013 WL 1768015, *5 (W.D. La. Apr. 24, 2013) (Stagg, J.) (in-state defendants improperly joined where parties had completed eleven months of discovery in prior, nearly identical, state court suit but evidence remained insufficient to "move plaintiffs possibility of recovery out of the theoretical realm").

Relative to timing, 28 U.S.C. § 1446 creates two distinct thirty-day filing deadlines for notices of removal. 28 U.S.C. § 1446*; Wright v. Nat'l Interstate Ins. Co.*, Civil Action No. 16-16214, 2017 WL 344283, at *2 (E.D. La. Jan. 24, 2017) (Fallon, J.). The first is triggered upon formal service of process upon each defendant. 28 U.S.C. § 1446(b)(1) and (2)(B); *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). Thus, notwithstanding prior receipt of a courtesy

copy of the complaint, a defendant is not required to remove until formally served. *Id.*[3] Further, "the term 'service of process' is defined by state law." *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)." If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446 (b)(2)(C). "In other words, the thirty-day period now extends until thirty days after the last defendant is served." *Alford v. Chevron U.S.A. Inc.*, Civil Action No. 13-5457, 2014 WL 37600, at *2 (E.D. La. Jan. 6, 2014) (Vance, J.).

The second thirty-day deadline applies if the case stated by the initial pleading is not removable. Then, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, [however] unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446 (c)(1). To trigger the removal timer, the information contained in the "other paper" must be "unequivocally clear and certain." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). "[O]ther paper" must also be "received by a defendant only after that defendant has received the initial pleading." *Wright,* 2017 WL 344283, at *4 (quoting *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir. 1992)).

---

[3] "This general rule applies even in cases where the state court litigation proceeds to a default judgment." *Thompson,* 775 F.3d at 303.

Referencing the foregoing legal principles, Defendants Great West, Raw, and Wolfe contend that Plaintiffs lack the requisite reasonable, rather than merely theoretical, possibility of recovery exceeding the $750,000 limits of the Great West policy and, thus, have improperly joined State Farm as a non-diverse defendant. This argument is hardly frivolous. Among other things, neither plaintiff asserts a claim for lost income, lost earning capacity, or permanent disability or disfigurement. Nor has surgery occurred or been recommended for either plaintiff. On the other hand, the materials before the Court reflect that treatment of both Plaintiffs' cervical and lumbar spines (with multiple bulging or herniated discs) is ongoing, more imaging and tests are required, surgery options have been discussed, and surgery may eventually be necessary if more conservative treatment measures, including medication, physical therapy and epidural injections, are not effective. Further, the case remains in its very early stages. Accordingly, though the Court is not persuaded by Plaintiffs' contention that removal was untimely (given the absence of pre-removal service on Raw), the Court, applying the foregoing legal principles, nevertheless finds remand to state court to be warranted in the absence of more compelling evidence to the contrary from Defendants.

New Orleans, Louisiana, this 15th day of May 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**